**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

LISA R. MURPHY,                                                                 PLAINTIFF
ADC #760343

v.                                          1:14CV00064-JM-JTK

JOSEPH HUGHES, et al.                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.     Introduction

Plaintiff Murphy is a state inmate incarcerated at the McPherson Unit of the Arkansas Department of Correction (ADC).  She filed this pro se action pursuant to 42 U.S.C. § 1983, alleging inadequate medical care and treatment (Doc. No. 3).  Defendants Faust, Dixon, Weekley, Williams, and Powell were dismissed on August 4, 2014 (Doc. No. 13), and Defendants Irving and Schulz were dismissed on September 25, 2014 (Doc. No. 31).

This matter is before the Court on the Motion for Summary Judgment, Brief in Support and Statement of Facts, filed by remaining Defendants Tinesia Booker and Dr. Joseph Hughes (Doc. Nos. 36-38).  By Order dated January 8, 2015, this Court directed Plaintiff to file a Response to the Motion within fifteen days of the date of the Order (Doc. No. 39).  The Court further advised the Plaintiff that failure to respond to the Court's Order would result in all of the facts set forth in Defendants' Motion and Brief being deemed admitted by Plaintiff pursuant to Local Rule 56.1(c),

or in the dismissal without prejudice of her Complaint, pursuant to Local Rule 5.5(c)(2).[1]  As of this date, Plaintiff has not filed a Response to the Motion, and has not otherwise corresponded with the Court.

## II.      Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine

---

[1]Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:

> It is the duty of any party not represented by counsel
> to promptly notify the Clerk and the other parties to
> the proceedings of any change in his or her address,
> to monitor the progress of the case and to prosecute
> or defend the action diligently . . . . If any communi-
> cation from the Court to a pro se plaintiff is not
> responded to within thirty (30) days, the case may be
> dismissed without prejudice. . . .

dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "all material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.  FED.R.CIV.P. 56(e)(2).

Defendants ask the Court to dismiss Plaintiff's Complaint, for her failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act (PLRA) and the ADC grievance policy, Administrative Directive (AD) 14-16 (Doc. No. 38-1, pp. 3-21).  According to the declaration of Shelly Byers, Medical Grievance Coordinator for the ADC, an inmate must first file an Informal Resolution to resolve a problem, and must thereafter complete a Step One grievance form, which is specific as to the substance of the issue, including the date, place and personnel involved. (Id., p. 1) If an inmate files a grievance of a medical nature, it is forwarded to the appropriate medical personnel for a response, and if the inmate is not satisfied with the response, she may appeal to the office of the Deputy Director. (Id.) After the Deputy Director reviews the grievance and any records necessary to respond, his response is then forwarded to the inmate.  (Id.)

Byers further states that she reviewed the Plaintiff's ADC grievance records, and found that she filed two grievances about the June 4, 2014 incident in her complaint, MCP 14-00439 and MCP 14-00431. (Id., pp. 2, 22-24) However, she did not appeal these grievances prior to filing the present lawsuit on June 10, 2014. (Id., p. 2) Therefore, she did not complete the grievance process with respect to her allegations against Defendants Booker and Hughes.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.   In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  532 U.S. 731, 741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).   In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  549 U.S. 199, 218 (2007).

The ADC grievance procedure also places inmates on notice of the grievance and exhaustion requirements: "Inmates are hereby advised that they must exhaust their administrative remedies as

to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim.  If this is not done, their lawsuits or claims may be dismissed immediately."  (Doc. No. 38-1, p. 19)

Given the steps of the grievance procedure and the number of days allotted for responses, it is clear to the Court that Plaintiff could not have exhausted her administrative remedies between the time she filed the on June 4, 2014 grievances, and the time she filed this lawsuit on June 10, 2014.  Given that undisputed fact, and Plaintiff's failure to respond to Defendants' Motion, the Court finds as a matter of law that Plaintiff failed to exhaust her administrative remedies prior to filing her grievances and therefore, Defendants' Motion should be granted.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 36) be GRANTED, and Plaintiff's Complaint against them be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 26th day of January, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE